UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SUAN D. KENRICK,

        Plaintiff,

  v.

OAKBROOK CORPORATION,
REBECCA LINDLEY,
HEATHER GERENSKY and
RESIDENT CHECK LLC,

        Defendants.

Case No. 20-cv-1884-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

On December 21, 2020, the plaintiff—representing himself—filed a complaint against twenty-two defendants alleging that he had resigned from the United States Postal Service as a postal clerk in April 26, 2019 because of a continued violation of a medical restriction, the "Rehabilitation Act of 1973, harassment, retaliation, discrimination" and a hostile work environment. Dkt. No. 1. This is the third case filed the plaintiff has filed in this district making similar allegations about the USPS. See Kendrick v. Prahl, *et al.*, Case No. 19-cv-559-LA; Kendrick v. Brennan, *et al.*, Case No. 19-cv-659-LA. The previous cases were dismissed without prejudice because the plaintiff had not exhausted his administrative remedies.

The court had not yet screened the original complaint when the plaintiff filed an amended complaint naming a different set of defendants and

1

allegations. Dkt. No. 7. In the amended complaint, the plaintiff sued Oakbrook Corporation, Rebecca Lindley, Heather Gerensky and Resident Check, LLC, alleging that they "all played a roll [sic] in denying rent." Id. at 3. The plaintiff believes this occurred because he is an African American male with a criminal conviction that happened over twenty years ago. Id. The plaintiff alleges that he was "denied renting at Beerline B 1710 N. Commerce Street" in Milwaukee. Id. He speculates that the defendants "did it because they've probably done this to people before." Id. According to the plaintiff, at a "hearing" the defendants "admitted to the violation with the DWD;" he says that he had lawful employment with the USPS, no police contacts, no parole violations and had completed parole. Id. at 4. The plaintiff asserts that "they" took none of this into consideration. Id. For relief, the plaintiff seeks $800,000,000, a fine and a full investigation of whether there is a "systemic practice" of discrimination in renting to African Americans. Id. at 5.

**I.      Motion to Proceed Without Prepaying the Filing Fee**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether he can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee indicates that he was employed, earned $1,400 per month and had expenses of $1,860 per month. Dkt. No. 2 at 1-2. The plaintiff did not own a home at the time he filed the motion but he had $1,300 in a checking, savings or other similar account. Id. at 3. Based on the

2

information provided, the court concludes that the plaintiff did not have the ability to pay the filing fee and the court will grant his motion for leave to proceed without prepaying the filing fee.

To be clear, the plaintiff still is responsible for paying the filing fee over time. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. §1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original). When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.

## II. Screening

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. Because the plaintiff is

3

representing himself, the court must liberally construe the allegations of complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. Facts Alleged in the Amended Complaint

The amended complaint sues different defendants and brings a different claim than did the original complaint. The original complaint alleged employment discrimination and named over twenty defendants; the amended complaint alleges housing discrimination and names four defendants. The amended complaint was prepared on the court's amended complaint form, so the plaintiff does not appear to have accidentally filed a new complaint in an old case. But he did not write the case number for this case in the field for "Case Number" on the front page of the amended complaint. Dkt. No. 7 at 1. The plaintiff sent a cover letter with the amended complaint, but it did not explain the change in defendants and claims. Dkt. No. 7-1. The letter referenced documents and an email to an administrative law judge who had not responded to the plaintiff for a virtual hearing; it asked this court to "take[] jurisdiction; due to the nature and ALJ Gelhard refuses to correspond back to me." Id. The letter also indicates that the plaintiff had not "received transcript from July 16, 2020, hearing." Id.

Even more confusing, on May 3, 2021, the court received from the plaintiff a letter stating his "appeal through U.S. EEOC was denied on February 10, 2021," and asserting that he was filing his lawsuit "against the U.S.P.S. in

4

a timely fashion . . . ." Id. In parentheses, he wrote, "filed within 90 days."[1] Id. The court received this letter—which appears to relate to the allegations of employment discrimination brought in the *original* complaint—just two months before it received the amended complaint that alleges housing discrimination. It appears that just a couple of months before he filed the amended complaint, the plaintiff still believed he was proceeding on employment discrimination claims relating to his employment with the postal service, not housing discrimination claims relating to his attempt to rent an apartment.

The court does not know whether the plaintiff meant to change his claims from employment discrimination claims to housing discrimination claims, or whether the amended complaint somehow was filed in this case accidentally. But "[i]t is axiomatic than an amended complaint supersedes an original complaint and renders the original complaint void." Flannery v. Recording Industry Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citing Fuhrer v. Fuhrer, 292 F.2d 140, 144 (7th Cir. 1961)). See also, Scott v. Chuhak & Tecson, P.C., 725 F.3d 772, 782 (7th Cir. 2013) ("when a plaintiff files an amended complaint, the amended complaint supersedes the original complaint"). "The prior pleading is in effect withdrawn as to all matters not

---

[1] If the plaintiff meant to proceed on employment discrimination claims, and the EEOC did not deny his claims until February of 2021, he filed his original complaint prematurely, before he had exhausted his administrative remedies. But because the original complaint has been voided, the court need not consider whether an employment discrimination claim was timely filed.

restated in the amended pleading, and becomes functus officio.²" <u>Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84</u>, 133 F.3d 1054, 1057 (7th Cir. 1998).

This means that, whether the plaintiff intended to or not, by filing the amended complaint, he voided his original complaint. The court may screen only the allegations in the amended complaint, and it does so in this order.

The amended complaint names four defendants: OakBrook Corporation, Rebecca Lindley, Heather Gerensky, and Resident Check LLC. Dkt. No. 7 at 1. The plaintiff alleges:

> OakBrook Corporation, Rebecca Lindley, Heather Gerensky, Resident Check, LLC, the named defendants all played a roll [sic] in denying rent, because I was an African American male with a criminal conviction that happened over 20 years ago; which violate the Fair Housing Act of 2016 (HUD) due to the disparate impact of the policy. I was denied renting at Beerline B 1710 N. Commerce St. Milwaukee, WI 53212. They did it because they've probably done this to people before. (Please see enclosed documentation). At a hearing they admitted to the violation with the DWD. I had lawful employment (USPS), no police contact since being released in society, no parole violation and completed parole! They took no [sic] of this into consideration.

<u>Id.</u> at 3-4.

The plaintiff attached to the amended complaint several documents relating to the filing of a complaint with the Equal Rights Division. The documents show that on January 17, 2019, the plaintiff emailed the leasing

---

² "Functus officio" generally means that the original complaint's duties have come to an end.

6

agent, Jamie Gierczak, about an apartment. Dkt. No. 7-2 at 5. The plaintiff appears to have returned an application for the apartment on January 25, 2019. Id. Subsequently, a third-party screening company, Resident Check, reported that the plaintiff did not pass the background screening. Id. Gierczak advised the plaintiff that his application had been denied and instructed him to contact Resident Check to find out why. Id. On April 11, 2019, Rebecca Lindley, the Director of Property Management of Oakbrook Corporation, wrote to Equal Rights Officer Rupneet Sihu of the Department of Workforce Development, stating that she was responding to his March 26, 2019 letter regarding the plaintiff's claim of discrimination. Id. Lindley denied the plaintiff's allegations, and said (among other things) that "Resident Check does not provide Oakbrook with the criminal charges or explanations as to why an applicant is denied." Id. The plaintiff provided a letter, addressed to him and purporting to be from Beerline B (Oakbrook Corporation) and dated February 4, 2019, stating that the plaintiff's application was "Denied" because of a "Criminal – Felony Conviction(s) or Pending Case." Id. at 4.

The plaintiff also attached to the amended complaint a document that he appears to have prepared titled "Hearing on the Issue of Probable Cause." Dkt. No. 7-2 at 1. That document asserts that at the plaintiff's mediation hearing, "Heather Gerbensky, Regional Manager, admitted [he] was denied because of his conviction, misspelled name, [his] crime has to be 30 years old before they can rent to [him], and it was there [sic] computer program who discriminated against [him]." Id.

## IV. Analysis

The Fair Housing Act makes it unlawful to discriminate against anyone in the sale or rental of housing based on their race, color, religion, sex, family status, or national origin. 42 U.S.C. §3604. To state a discrimination claim under the FHA, a plaintiff need only identify the type of discrimination, by whom, and when. See Swanson v. Citibank, N.A., 614 F.3d 400, 405 (7th Cir. 2010) ("Swanson's complaint identifies the type of discrimination that she thinks occurs (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in the complaint.").

The plaintiff alleges that the defendants denied his application for an apartment because he is "an African American male with a criminal conviction that happened over 20 years ago." Dkt. No. 7 at 3. Although the complaint doesn't specify "when" the plaintiff's application was denied, the documents attached to the complaint demonstrate that it was denied on or about February 4, 2019. Dkt. No. 7-2 at 4. See Doe v. Columbia Coll. Chi., 933 F.3d 849, 854 (7th Cir. 2019) (stating that, when considering whether a plaintiff has stated a claim, the court "may consider documents attached to the pleadings so long as the documents are referred to in the complaint and central to the plaintiff's claims"). Because the plaintiff has identified the type of discrimination he allegedly suffered (racial), who committed the alleged discrimination (Oakbrook Corporation, Lindley, Gerensky and Resident Check, LLC) and when the

discrimination allegedly occurred (on or about February 4, 2019), at this early stage the court will allow him to proceed with his discrimination claim. Nothing in this order prohibits a defendant from contesting the plaintiff's claims or asserting defenses; the court has found only that the plaintiff has stated the bare minimum facts to allow the complaint to be served and to require the defendants to respond.

**V. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on the defendants under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** the defendants to file a responsive pleading to the complaint.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. It is the plaintiff's responsibility to notify the court if he changes addresses; if he does not keep the court advised of his address the court may dismiss this case without further notice.

Dated in Milwaukee, Wisconsin this 17th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**