UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SUAN D. KENDRICK,

        Plaintiff,

  v.

        Case No. 20-cv-1884-pp

OAKBROOK CORPORATION, REBECCA LINDLEY,
HEATHER GERENSKY and RESIDENT CHECK LLC,

        Defendants.

---

**ORDER CONSTRUING PLAINTIFF'S LETTER AS A MOTION TO SEVER AND GRANTING MOTION (DKT. NO. 11)**

---

On December 21, 2020, the plaintiff—who does not have a lawyer and is representing himself—filed a complaint alleging that various defendants affiliated with the U.S. Postal Service had violated his medical restrictions, caused him to lose his job and caused him to lose wages. Dkt. No. 1. This was the third case the plaintiff had filed in the Eastern District of Wisconsin—on April 18, 2019, he filed Case No. 19-cv-559, alleging that various defendants affiliated with the U.S. Postal Service had violated his medical restrictions, and on May 6, 2019, he filed Case No. 19-cv-659, alleging that various defendants affiliated with the U.S. Postal Service had retaliated against him for filing a grievance. Both of those cases were assigned to Judge Adelman, and both have been dismissed. Case No. 19-cv-559 named all but one of the same defendants the plaintiff sued in Case No. 19-cv-659, and his original complaint in *this* case (20-cv-1884) names the same defendants he sued in Case No. 19-cv-559.

1

On July 12, 2021—before the court had screened his original complaint—the plaintiff filed an amended complaint. Dkt. No. 7. This complaint named a completely different set of defendants—none of whom had been named in his previous cases or in the original complaint in this case—and the amended complaint alleged that those defendants had denied him the ability to rent and violated the Fair Housing Act. Id. The plaintiff prepared this document on the court's amended complaint form, and at the time he filed it, the only open case he had pending with the court was this one, so the clerk's office docketed the amended complaint in this case.

On November 17, 2023, the court issued a screening order in which it screened the *amended* complaint. Dkt. No. 9. The court recounted that although the plaintiff's original complaint alleged employment discrimination claims against twenty-two defendants associated with the United States Postal Service (Dkt. No. 1), the "amended" complaint alleged housing discrimination claims against an entirely different set of defendants without reasserting any of the employment claims from the original complaint (Dkt. No. 7). Id. at 4. The court found this "confusing" but observed that "[t]he amended complaint was prepared on the court's amended complaint form, so the plaintiff does not appear to have accidentally filed a new complaint in an old case." Id. The court stated that "whether the plaintiff intended to or not, by filing the amended complaint, he voided his original complaint" and explained that "[t]he court may screen only the allegations in the amended complaint[.]" Id. The court screened the amended complaint, granted the plaintiff's December 21, 2020

2

request to proceed without prepayng the filing fee (Dkt. No. 2) and allowed the plaintiff to proceed on the housing discrimination claims alleged in that document against the four defendants named in that document. Id. at 8-10. Because the amended complaint took the place of the original complaint, the claims and defendants from the original complaint were terminated. The court ordered the U.S. Marshals Service to serve the defendants named in the "amended" complaint and associated with the housing discrimination claims. Id. at 8-10.

On November 30, 2023, the court received from the plaintiff a letter requesting the court to "separate" the employment discrimination claims contained in his original complaint from the housing discrimination claims contained in his amended complaint. Dkt. No. 11. That letter reads:

> My case has been inadvertently combined/amended with my housing discrimination against Oakbrook Corporation Case No. 20-CV-1884; with the USPS case.
> I was instructed to Amend USPS case when their [sic] was a change of Post Master in which I filed the complaint; and re-added defendants.
> I respectfully request that this Honorable Court to separate these two cases; so I can proceed with my lawsuits against both parties.
> Please let me know what to file/instructions so that I can proceed in this Honorable Court.

Id.

The court should have acted on this "request" sooner. Over the next few months after the court received the plaintiff's letter, the amended complaint was served on some of the four defendants named in that document and, on February 6, 2024, defendants Gerensky, Lindley and Oakbrook Corporation

3

filed a motion to dismiss, dkt. no. 16, and a supporting brief, dkt. no. 17. That fact complicates an already complicated situation.

The plaintiff asks the court "to separate these two cases." That sounds like a motion asking the court to "sever" the plaintiff's employment discrimination claims against the postal service employees from his housing discrimination claims, leaving one set of claims in this case and putting the other set in another case. The claims and defendants certainly belong in different cases. Under Federal Rule of Civil Procedure 20(a)(2), defendants may be joined in a single lawsuit only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." That is not the case here—the plaintiff has not alleged his employment discrimination claims against the housing defendants or *vice versa*, and the employment discrimination claims involve different questions of law and fact than the housing discrimination claim. In legal terms, the claims and defendants have been "misjoined."

"[T]he remedy for misjoinder is severance or dismissal without prejudice. . . ." UWM Student Assoc. v. Lovell, 888 F.3d 854, 857 (7th Cir. 2018). The court could dismiss the plaintiff's employment discrimination claims without prejudice—he did not re-raise them in the "amended" complaint. But the court suspects that the plaintiff's use of the court's "amended" complaint form to file his housing discrimination claims was an

4

error, and there may be (as the court observed in the order screening the complaint) limitations issues with his employment discrimination claims. That leaves severance. Federal Rule of Civil Procedure 21 allows the court—on a motion or on its own—to add or drop a party, or to "sever any claim against a party." Technically, the employment discrimination claims and defendants are not "misjoined" with the housing discrimination claims and defendants, because those claims and defendants were superseded by the filing of the "amended" complaint. But the two sets of claims, and the two sets of defendants, were filed in the same case.

The court will construe the plaintiff's November 30, 2023 letter as a motion to sever under Fed. R. Civ. P. 21, grant the motion and open a new case. The court will transfer into the new case the plaintiff's motion to proceed without prepaying the filing fee (Dkt. No. 2), the "amended" complaint regarding the plaintiff's housing discrimination claims (Dkt. No. 7) and the pleadings relating to those claims (Dkt. Nos. 9-10, 12-17). The court will docket this order in the new case, and will ask the clerk's office to docket a duplicate copy of the plaintiff's motion to sever (Dkt. No. 11) in the new case (in other words, that motion will appear on the dockets of both cases). This case—Case No. 20-cv-1884—will include only the plaintiff's employment discrimination claims against the postal service. The court will strike from this case the filings related to the housing discrimination claims.

The court advises the plaintiff that because the court is transferring to the new case the plaintiff's motion to proceed without prepaying the filing fee,

5

Case 2:20-cv-01884-PP   Filed 02/13/24   Page 5 of 8   Document 18

he must either pay the $402 filing fee due in *this* case or file in *this* case a new request to proceed in district court without prepaying the filing fee. The court will include with this order a blank "Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee" form, in the event that the plaintiff cannot pre-pay the filing fee for this case and needs to ask to proceed without pre-paying it.

The court will not take any further action on the plaintiff's employment discrimination claims against the postal service employees until the court either receives the filing fee for this case or receives a new request to proceed without prepaying the filing fee. If the plaintiff chooses to file a new request to proceed without prepaying the filing fee, he must put the case number for *this* case (20-cv-1884) on the line to the right of "Case No." on the first page. He must list his full name on the line above "Full name of plaintiff(s)," and he must list the names of all the employment discrimination defendants—Megan J. Brennan, Postmaster General, Robert G. Prahle, Charles Spahn, Albert Guzman, Jr., Kim Ashmus, Pamela Canada, Darlene Abrams, Katherine Vickers, Alan G. Barney, Steve J. Bacik, Dianne M. Grabowski, Lillian M. Nieves, Meta K. Cicero, Daniel Kay, Gina Juniel, Trent Canady, Kenneth M. Liggans, Marvin Rivera, Pamela Walker, Larry Brown, Jr. and John Miceli—on the line above "Full name of defendant(s)."

Once the court has received either the filing fee or the request to proceed in district court without prepaying the filing fee, the court will either order the plaintiff to serve the complaint (if he pays the filing fee) or screen the complaint

6

as required by 28 U.S.C. §1915(e)(2) (if he files the non-prisoner request to proceed in district court without prepaying the filing fee).

If the court does not receive either the $402 filing fee for this case, a new request to proceed in district court without prepaying the filing fee or a request for more time to pay the fee or file the request by the deadline the court sets below, the court may dismiss this case (the case involving the plaintiff's employment discrimination claims against the postal service employees) without further notice or hearing.

The court **CONSTRUES** the plaintiff's November 30, 2023 letter as a Fed. R. Civ. P. 21 motion to sever his employment claims and his housing claims into two separate cases, and **GRANTS** that motion. Dkt. No. 11.

The court **ORDERS** the Clerk of Court to open a new case with Oakbrook Corporation, Rebecca Lindley, Heather Gerensky and Resident Check, LLC as defendants.

The court **ORDERS** the clerk to docket this order and the documents at dkt. nos. 2, 7 and 9-17 in that case.

The court **ORDERS** the clerk to **REINSTATE** defendants Megan J. Brennan, Postmaster General, Robert G. Prahle, Charles Spahn, Albert Guzman, Jr., Kim Ashmus, Pamela Canada, Darlene Abrams, Katherine Vickers, Alan G. Barney, Steve J. Bacik, Dianne M. Grabowski, Lillian M. Nieves, Meta K. Cicero, Daniel Kay, Gina Juniel, Trent Canady, Kenneth M. Liggans, Marvin Rivera, Pamela Walker, Larry Brown, Jr. and John Miceli in this case.

The court **ORDERS** the clerk to terminate Oakbrook Corporation, Rebecca Lindley, Heather Gerensky and Resident Check, LLC as defendants in this case.

The court **STRIKES** docket entries 2, 7 and 9-17 from this case.

The court **ORDERS** that by the end of the day on **March 15, 2024**, the plaintiff must either pay the $402 filing fee for this case or file a new request to proceed in district court without prepaying the filing fee (or ask the court for additional time to do so. The court **ORDERS** that the plaintiff must pay the filing fee, file a new request to proceed in district court without prepaying the filing fee or ask for more time to do so in time for the court to *receive* one of those things by the end of the day on March 15, 2024, or the court may dismiss this case without further notice or hearing

Dated in Milwaukee, Wisconsin this 13th day of February, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER
Chief United States District Judge**