U.S. District Court
Wisconsin Eastern

12/23/2025

FILED
Clerk of Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
SUAN D. KENDRICK,
Plaintiff,
v.
DAVID STEINER; CHARLES SPAHN; PAMELA CANADA;
DARLENE ABRAMS; KATHERINE VICKERS; ALAN BARNEY;
STEVE J. BACK; DIANNE M. GRABOWSKI; LILLIAN M. NIEVES;
META K. CICERO; DANIEL K. CICERO; TRENT CANADY;
KENNETH D. LIGGAN; MARVIN RIVERA; PAMELA WALKER;
LARRY BROWN JR.; GINA JUNIEL; ROBERT G. PRAHL,
Defendants.
Case No. 20-CV-1884
PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT (RULE 55(a))
AND FOR DEFAULT JUDGMENT (RULE 55(b))
AGAINST DEFAULTING DEFENDANTS
I. PARTIES SUBJECT TO THIS MOTION
This Motion applies only to the following Defendants, each of whom failed to plead or otherwise
defend by the Court-ordered deadline of December 20, 2025, and failed to timely seek leave of
Court:
David Steiner
Charles Spahn
Pamela Canada
Darlene Abrams
Katherine Vickers
Alan Barney
Steve J. Back
Dianne M. Grabowski
Lillian M. Nieves
Meta K. Cicero
Daniel K. Cicero
Trent Canady
Kenneth D. Liggan
Marvin Rivera
Pamela Walker
Larry Brown Jr.
Gina Juniel
Robert G. Prahl
Defendant John Miceli is excluded, as he filed a response.
II. PROCEDURAL BACKGROUND
Plaintiff filed the Complaint and properly served Defendants pursuant to Fed. R. Civ. P. 4.
On December 4, 2025, the Court ordered Defendants to file a responsive pleading by December
20, 2025.

The Defendants listed above did not file any timely response and did not request an extension before the deadline expired.

Default therefore attached by operation of law on December 21, 2025.

## III. RULE 55(a): ENTRY OF DEFAULT IS REQUIRED

Under Fed. R. Civ. P. 55(a), when a party "has failed to plead or otherwise defend," the clerk must enter default.

Late filings submitted without leave of Court do not automatically cure default. United States v. Di Mucci, 879 F.2d 1488, 1495 (7th Cir. 1989).

Accordingly, entry of default is required as to the Defendants listed in Section I.

## IV. RULE 55(b): DEFAULT JUDGMENT IS WARRANTED

Upon entry of default, the well-pleaded allegations of the Complaint are deemed admitted for purposes of liability. Plaintiff has submitted documentary evidence supporting his claims. Defendants' failure to comply with the Court's Order has prejudiced Plaintiff and delayed adjudication. Default judgment is therefore appropriate.

## V. APPLICATION OF THE FEDERAL RULES AND DUE PROCESS

The Federal Rules of Civil Procedure are applied to ensure due process, fairness, and orderly adjudication. When a party fails to comply with a court-ordered deadline and does not seek relief provided by the Rules, Rule 55 supplies the mechanism for default. Enforcement of Rule 55 preserves the integrity of court orders and equal application of procedural law.

## VI. ALTERNATIVE RELIEF (RULE 6(b)(1)(B))

In the alternative, to the extent the Court construes any untimely filings as requests for relief from the deadline, Plaintiff respectfully requests that such requests be evaluated under Fed. R. Civ. P. 6(b)(1)(B) and denied absent a showing of excusable neglect, as Defendants neither sought leave prior to the deadline nor demonstrated good cause.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court: A. Direct the Clerk to enter default against the Defendants listed in Section I under Rule 55(a);

B. Enter default judgment against those Defendants under Rule 55(b) as to liability;

C. Strike or disregard any untimely filings made without leave of Court;

D. Set a damages hearing if necessary; and

E. Grant such other relief as the Court deems just and proper.

Dated: *December 23, 2025*

*Suan Kendrick*

Suan D. Kendrick

Plaintiff, Pro Se

1744 N. Dr. Martin Luther King Jr. Dr., Apt. 1

Milwaukee, WI 53212

(414) 388-0803

## AFFIDAVIT OF NON-RESPONSE (EXHIBIT A)

I, Suan D. Kendrick, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

I am the Plaintiff in this action.

The Defendants listed in Section I were properly served.

The Court ordered a responsive pleading due by December 20, 2025.

As of December 21, 2025, those Defendants had not filed a response.